UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                              : **NOT FOR PUBLICATION**

In re:                                                                                               : Chapter 7

KOSSOFF PLLC,                                          : Case No. 21-10699 (DSJ)

                        Debtor.

-------------------------------------------------------------- X

ALBERT TOGUT, Not Individually but Solely
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,
                                                                                               : Adv. Pro. No. 22-01141 (DSJ)

                        Plaintiff,

                            v.

ERNEST PEREVOSKI, TERRI ABBEY,
HUI-FONG LEE, JOHN BOSWELL, EQUITY
TRUST COMPANY, PETER XENOPOULOS,
P. XENOPOULOS REALTY, LLC,
PAMELA KOSSOFF, as Executor of Estate of
Phyllis Kossoff, RONNY MINTZ, and
CHALRON ENTERPRISES LTD.,

                        Defendants.
-------------------------------------------------------------- X

**DECISION AND ORDER ON MITCHELL KOSSOFF'S
MOTION FOR PERMISSIVE INTERVENTION (ECF NOS. 60, 76, 79, 84)**

      Before the Court is a motion (the "Motion") to intervene pursuant to Fed. R. Civ. P. 24(b)(1) and Fed. R. Bankr. P. 7024 by non-party Mitchell Kossoff ("Kossoff"). The stated purpose of the Motion is to seek to dismissal of "Counts 1 through 6" of the complaint in this adversary proceeding based on asserted fatal legal deficiencies in the complaint. For the reasons set forth below, Kossoff's motion to intervene is GRANTED to the extent of allowing Kossoff to permissively intervene in this adversary proceeding for the limited purpose of pursuing the merits

determination that his motion identifies, but DENIED to the extent he seeks an immediate order dismissing portions of the complaint.

The Court will hold a case management conference via Zoom for Government on October 25, 2023 at 10:00 a.m., and will discuss procedural next steps with all parties at that time unless the Court enters a consensual scheduling order prior to that date. If a case management conference is necessary, the Court thereafter will enter an appropriate further scheduling order. To guard against undue delay and procedural prejudice to the existing parties, Kossoff's intended motion to dismiss must be filed no later than November 8, 2023.

## BACKGROUND

### A. Overview of Bankruptcy Case, Kossoff's Conviction, and Trustee's Efforts to Recover Misappropriated Funds

This Decision discusses only the case background that is relevant to the motion it resolves, while assuming familiarity with the broader background of the main Kossoff PLLC bankruptcy case, No. 21-10699-DSJ, and with this adversary proceeding. This recitation includes considerable procedural history that is pertinent to whether Kossoff meets the timeliness and no-prejudice criteria that courts consider in assessing motions for permissive intervention.

Kossoff was the principal of Debtor Kossoff PLLC, a now-closed law firm specializing in real estate matters. Creditors of Kossoff PLLC commenced the main bankruptcy case on April 13, 2021 (the "Petition Date") by filing an involuntary Chapter 7 petition after they discovered that Kossoff had apparently misappropriated client funds held in the firm's trust account.

At the inception of the bankruptcy case, Kossoff was under criminal investigation in connection with the reportedly missing funds. On December 13, 2021, Kossoff pled guilty to criminal charges alleging that he had misappropriated at least $14.5 million in client funds. He was sentenced to 4.5 to 13.5 years in prison. He is now an inmate in New York's state prison

2

system.  Kossoff was disbarred in March 2022.  He has been participating *pro se* in aspects of the bankruptcy case and related adversary proceedings.

Early in the main bankruptcy case the Court appointed Albert Togut as Chapter 7 Trustee. [Main Case, ECF No. 15].  Mr. Togut has faced the challenging task of identifying and tracing funds to which the bankruptcy estate may be entitled.  He has brought numerous actions attempting to recover such funds, often under the fraudulent transfer provisions of 11 U.S.C. § 548 as well as other Bankruptcy Code and state-law theories.  [ECF No. 57, May 23, 2023 Hearing, Transcript at 96 (TRUSTEE: "we . . . have commenced nearly sixty adversary proceedings which seek to recover, in the aggregate, over thirty million dollars for the benefit of the estate and its creditors")].

**B. Bankruptcy Code Section 548 and the Possible Longer
   Collection Period Based on the IRS as a "Golden Creditor"**

Section 548 of the Code authorizes actions to avoid fraudulent transfers that were "made or incurred on or within 2 years before" the date the bankruptcy petition was filed.  11 U.S. C. § 548(a)(1).  In some circumstances, however, earlier transfers are recoverable because Code Section 544(b)(1) allows a trustee to avoid "any transfer of an interest of the debtor . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title. . . ."  11 U.S.C. § 544(b)(1).  Section 544(b)(1) gives a trustee a "derivative" right to recovery, "step[ping] into the shoes of an unsecured creditor to recover transfers an actual creditor would have been able to recover" under applicable non-bankruptcy law.  *In re CVAH, Inc.*, 570 B.R. 816, 823 (Bankr. D. Idaho 2017).  Such creditors are sometimes referred to as "golden" or "triggering" creditors because their existence permits a trustee to pursue funds that were transferred earlier, sometimes much earlier, than could be reached by direct application of § 548 or other Bankruptcy Code provisions alone.  *See In re Omansky*, No. 18-13809, 2022 WL 4281472, at *6 (Bankr. S.D.N.Y. Sept. 15, 2022).

3

The Internal Revenue Service ("IRS") is a frequent creditor in bankruptcy cases and enjoys statutory entitlements that may greatly expand a trustee's avoidance reach. Section 6901(a)(1)(A) of the Internal Revenue Code ("IRC") allows the IRS to enforce a taxpayer's payment obligations by recovering from a transferee of the taxpayer's property under state fraudulent transfer laws. *See In re Tops Holding II Corp.*, 646 B.R. 617, 656 (Bankr. S.D.N.Y. 2022) (discussing 26 U.S.C. § 6901 and the IRS's rights against transferees of taxpayers). The IRS is subject to a ten-year statute of limitations for collection, measured from the date of the unpaid tax obligation's assessment. *Id*. at 654 (citing 26 U.S.C. § 6502(a)(1)). In practice, if a bankruptcy trustee validly asserts the IRS's avoidance rights in a given case, the applicable limitations period could more than double from the four years typically provided by state uniform fraudulent transfer laws.[1]

## C. This Adversary Proceeding

On August 26, 2022, the Chapter 7 Trustee commenced this action against numerous defendants. [ECF No. 1 (the "Complaint")]. The Complaint alleges as follows. On December 8, 2004, Kossoff incorporated Farmview Estates, LLC as a vehicle to facilitate a real-estate investment project concerning undeveloped real property in Dutchess County, New York. [Complaint ¶ 2]. Kossoff financed the Farmview venture through a combination of equity investments and loans from the Defendants, most of whom are Kossoff family members and friends. [*Id*. ¶ 3]. Kossoff personally guaranteed many of the loans that the Defendants made to Farmview. [*Id*.]. The venture failed, however, and Farmview dissolved in October 2013 at a loss to all those involved. [*Id*. ¶ 4]. Two months later Kossoff founded Kossoff PLLC. [*Id*. 5]. He used funds from the Debtor's bank accounts during the period from December 2013 to March 2021

---

[1] *See generally* Michael H. Strub, Jr. & Jeffrey M. Reisner, *The Expansion of the Triggering Creditor Doctrine in an Action to Avoid Fraudulent Transfers*, 24 Am. Bankr. Inst. L. Rev. 249 (2016).

4

to repay more than $5.2 million of his personal debts to the Defendants. [*Id*.]. The Complaint asserts multiple causes of action for avoidance of fraudulent or preferential transfers under various Bankruptcy Code and state-law provisions or similar theories. [*Id*. ¶¶ 75–156]. Importantly, the Complaint alleges, as it seemingly must to be able to seek recovery of the earliest transfers at issue in this action, that as of the Petition Date, Kossoff PLLC owed unpaid prepetition tax obligations to the IRS for the tax year ending December 31, 2015, making the IRS "a predicate 'creditor' within the meaning of section 544(b) of the Bankruptcy Code." [*Id*. ¶¶ 65–72]. With stipulated extensions of time to answer, various Defendants filed timely answers by November 29, 2022, while certain other Defendants secured extensions running into 2023.

1. **Kossoff's Rule 19 Motion**

On November 9, 2022, Kossoff filed a motion styled *Request to be recognized as a Required Party in the above proceedings and to attend the Court Conferences Scheduled for 11/15/22* (the "Rule 19 Motion"). [Main Case, ECF No. 440]. Kossoff sought to be joined as a required party under Fed. R. Civ. P. 19 alleging that he alone "ha[s] unique and exclusive knowledge of all of the seminal and crucial facts of this case which date back to 2004." [*Id*, p. 3]. Kossoff also claimed:

> That in the absence of my presence in this action as a party defendant full relief cannot be accorded to the existing party defendants inasmuch as the Trustee by employing a special Ten (10) Year Statute of Limitations available solely in a fraudulent transfer action brought under the auspices of Section 548 of the Bankruptcy Code, is seeking to recover monies which I allegedly and fraudulently transferred to defendants in repayment of my own personal debts. If these same defendants were injured by a judgment directing them to disgorge theses in the Bankruptcy Court and then turned around and sued me in State Court for compensation, they would be barred in part from doing to because at best a SIX YEAR as opposed to a TEN YEAR limitation period would apply. DOESN'T THIS FACT ALONE PREJUDICE THE EXISTING PARTIES TO THIS ACTION SUCH THAT TO DENY ME REQUIRED PARTY STATUS WOULD BE A PER SE VIOLATION OF RULE 19 OF THE FRCP?

5

[*Id.*, p. 4].

The Trustee opposed Kossoff's motion on January 5, 2023 [ECF No. 23]. The Court held a conference on January 19, 2023. Kossoff sought and was granted leave to participate in that conference. On January 20, 2023, the Court entered an Order denying Kossoff's Rule 19 motion. [ECF No. 27].

    2. **Kossoff's Motion to Substitute**

On February 27, 2023, Kossoff moved for substitution in "in place and instead of the Burton Kossoff Testamentary Trust." [ECF No. 40 p. 1]. Kossoff based this motion on his relationship with and asserted entitlements associated with two Defendants, his late mother Phyllis Kossoff or her estate, and the testamentary trust that had been established by his late father Burton Kossoff. [*Id.*]. The Court set Kossoff's motion for a hearing on March 28, 2023, [ECF No. 41], but on March 17, 2023, the Trustee noticed the voluntary dismissal of the Burton Kossoff Testamentary Trust as a defendant. [ECF No. 44]. Accordingly, the Court entered an Order cancelling the March 28 hearing on the ground that the Trustee's dismissal of the Burton Kossoff Testamentary Trust as a defendant mooted Kossoff's motion seeking to be substituted in its stead. [ECF No. 46].

    3. **The Trustee's Settlement With Some, But Not All Defendants**

The Court conducted conferences on March 28 and May 23, 2023. [ECF Nos. 55, 57 (Hearing Transcripts)]. During the May 23 conference, the Trustee reported that he had negotiated settlements with "several defendants" and that, despite some unresolved discussions with the three non-settling defendants, the Trustee believed "it's time to move the case forward." [ECF No. 57, May 23, 2023 Hearing Transcript at 61-62]. Soon thereafter, the Trustee filed a motion returnable July 12, 2023 seeking approval of the settlement that he had previewed during the May 23

6

conference. [ECF No. 56]. The Court approved a case management scheduling order setting discovery deadlines for the remaining parties extending through essentially all of 2023, with a pretrial conference set for January 10, 2024. [ECF No. 58].

   4. **Kossoff's Motion to Intervene**

Shortly before the July 12 hearing date, Kossoff filed his motion seeking permissive intervention seeking dismissal of Counts 1 through 6 of the Complaint, and objecting to the Trustee's Rule 9019 motion. [ECF No. 60]. In response, the Court entered an Order on July 7 directing the parties to "review and be prepared to discuss" whether Kossoff's notion had "any bearing on the settlements or the motion for approval of those settlements." [ECF No. 61]. The Court also directed Groveland Correctional Facility to produce Kossoff on July 12 to allow him to participate in the settlement approval hearing. [ECF No. 64]. At that hearing, the Court explained that Kossoff's intervention motion "isn't yet returnable," but that his submission also constituted a "stated objection to the settlement that's the subject of the motion" being heard on July 12. [ECF No. 69, July 12, 2023 Hearing Transcript, 15:8–11; 20:6–18 (COURT: "[Y]ou have filed a document that came in last week that's the motion to intervene in this adversary proceeding, and in the course of which you stated objections to the settlement. And so what's calendared for today is the settlement, and we're going to hear the intervention motion, if necessary, at a future date")].

During the conference the Court directed the parties to confer and propose a briefing schedule and argument date for Kossoff's permissive intervention motion. [*Id*. 37-38]. The Court orally granted the Trustee's Rule 9019 motion and entered a formal Order on July 13. [ECF No. 68].

During the Rule 9019 settlement approval hearing, the Court acknowledged Kossoff's merits position and explained that the settlement approval motion could go forward while

7

intervention and the viability of the Trustee's reliance on the IRS as a triggering creditor more appropriately would be resolved later:

> And so I know that has been your contention, voiced previously and again in your papers. So let me say the following with respect to your contentions. First off, I don't want to get into argument on your status to intervene in the suit or whether or not the IRS claim is valid, and if not, whether or not that undermines the trustee's ability to rely on it for, I'll call it, statute of limitations or other timeliness purposes or for the duration of the lookback that's permitted for the bringing of preference or avoidance actions.
>
> So rather, just as I said in my introductory remarks, what is happening today is that the lawsuit has been brought against parties, which don't include you, Mr. Kossoff, individually. Those parties are represented by counsel. They're aware of the claims and potential defenses. They've investigated. They have seen your written submission in this case that was docketed last week that sets forth your contentions very clearly with respect to the IRS claim. And they nevertheless wish to go forward with the settlement.
>
> * * *
>
> So with respect to the settlement approval motions, I independently think, and the parties through their spoken position or absence and lack of a spoken position, respectively, all have indicated a desire to go forward with the settlement. The issue you raise is in the nature of a defense that could be raised by any defendant to this action. The defendants to this action have chosen not to present that defense formally or press it and instead have reached settlement agreements, all of which are negotiated with at least an opportunity to take into account all strengths and weaknesses of the claims and defenses and any other consideration that the parties want. And so I see no basis to disturb those settlements based on the position you're raising.

[*Id*. 26:9–25; 27:1–17].

On August 14, 2023, the Court entered a Scheduling Order directing the Trustee to file a response to Kossoff's intervention motion on or before September 15, 2023, authorizing Kossoff to reply by September 22, 2023, and setting the motion for argument on September 26, 2023. [ECF No. 74]. Kossoff submitted an additional letter supporting his motion [ECF No. 76] and the Trustee filed a timely opposition on September 15, 2023. [ECF No. 79]. With the Court's leave, Kossoff was granted until September 25, 2023 to file his reply which he timely transmitted. [ECF No. 84]. The Court heard the motion on September 26, 2023. [ECF No. 89]. Soon after the

8

argument, the Trustee asked for leave to file a sur-reply [ECF No. 85], which the Court denied. [ECF No. 86].

### a. Kossoff's Contentions

Kossoff claims that he is uniquely in a position to address issues common to many or all of the Trustee's adversary proceedings, particularly with respect to the Trustee's reliance on the IRS as a golden creditor. Kossoff argues that he faces possible direct liability on similar claims as a defendant in two other adversary proceedings brought by the Trustee,[2] as well as possible contribution or indemnification claims from other defendants if the Trustee's claims against them succeed. Accordingly, Kossoff claims that he has an interest in responding to the Trustee's Complaint in this adversary proceeding – namely on the issue of whether the IRS holds a valid claim against Kossoff PLLC for the tax year 2015. Kossoff insists that because the IRS filed a "certificate of release of tax lien" for 2015, Kossoff PLLC has no remaining liability to the IRS for that tax year. He argues that the lack of any IRS liability for 2015 conclusively undermines the Trustee's reliance on the IRS as a golden creditor. Therefore, Kossoff posits, the Trustee is barred from seeking recoveries of transfers that occurred earlier than other avoidance statutes would reach in the absence of a valid triggering IRS claim under Bankruptcy Code § 544.

### b. The Trustee's Opposition

In opposing Kossoff's motion to intervene, the Trustee relies primarily on his assertion that allowing permissive intervention by Kossoff would be untimely and prejudicial to the Trustee and all parties. The Trustee further disputes Kossoff's assertion that Kossoff PLLC's liability to the IRS for 2015 is fully satisfied, asserting that additional debt remains for that tax period. The Trustee emphasizes that this adversary proceeding has been pending for more than one year on full

---

[2] *Togut v. Roc Le Triompe Assocs LLC*, No. 22-ap-01158 and *Togut v. VNB New York LLC*, No. 22-ap-01113.

9

notice to Kossoff, that a number of defendants already have settled, and that settlement discussions are underway with other defendants. The Trustee also observes that Kossoff has been involved in the Kossoff PLLC bankruptcy since its inception, yet has frustrated the Trustee's efforts in many ways, including by refusing to provide necessary information early in the case to such an extent that the Court previously held Kossoff in contempt of his Court-ordered obligations in the Main Case.

No other parties filed papers supporting or opposing Kossoff's intervention motion. When asked for their respective views during the September 26, 2023 hearing, counsel for several defendants in this and other adversary proceedings voiced non-opposition or a lack of any objection to Kossoff's intervention motion. They noted that the validity of the Trustee's reliance on the IRS as a golden creditor was a recurring and important issue in this and other cases, and that at least the defendants whose counsel spoke during the hearing would be interested to learn whether Kossoff has identified a valid defense.

At the close of the September 26 hearing, the Court reserved decision, and assured Kossoff that it would review his Reply upon receipt. The Court has done so.

## DISCUSSION

### A. Governing Legal Standards

Federal Rule of Civil Procedure 24(b) is made applicable to this proceeding by Bankruptcy Rule 7024. Rule 24(b), entitled "Permissive Intervention," provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Rule further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

10

"In seeking intervention under [Rule 24], the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citation omitted). "[C]ourts applying Rule 24 'must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Id*. "The Second Circuit has instructed that '[t]o be granted intervention as of right or by permission, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Bldg. and Realty Inst. of Westchester and Putnam Cntys., Inc. v. State of New York*, No. 19-CV-11285, 2020 WL 5658703, at *5 (S.D.N.Y. Sept. 23, 2020) (citations and internal quotation marks omitted). "The failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (emphasis in original). The Second Circuit has instructed, however, that "[t]he principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)). Application of the factors is "flexible and discretionary." *Grewal v. Cuneo*, No. 13-CV-6836, 2014 WL 2095166, at *3 (S.D.N.Y. May 20, 2014) (citation and quotation marks omitted); *see also St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention on the basis that the intervenor's claim or defense and the main action have a question of law or fact in common." (citations and quotation marks omitted)). Other relevant factors in deciding whether to allow permissive intervention "include the nature and extent of the intervenors' interests," and "whether [the] parties seeking intervention will significantly

11

contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Grewal*, 2014 WL 2095166, at *3.

**B.  Application**

Kossoff presents his motion as a request for permissive intervention solely to raise what he believes to be a discrete question of law that will conclusively resolve a major issue in this and many other cases brought by the Trustee – namely, whether any outstanding tax liability of Kossoff PLLC exists going back as early as the Trustee contends. This, in turn, will determine whether the Trustee can prevail in his efforts to avoid various transfers that occurred earlier than other avoidance statutes would reach unless a valid IRS or other "triggering" claim exists under Bankruptcy Code § 544. Kossoff is correct that this question has great significance both in this adversary proceeding and many others. Although the Trustee does not debate the importance of this question, he disputes Kossoff's contention that Kossoff PLLC no longer has any tax liability to the IRS for the 2015 tax year. In opposing intervention, however, the Trustee primarily relies on the asserted untimeliness of Kossoff's motion, and the assertion that the Trustee and other parties would be prejudiced if Kossoff were allowed to intervene.

At the outset, although not the main focus of dispute on this motion, the Court concludes that Kossoff "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and that he has shown that he has an interest in this action and that interest may be impaired by the disposition of the action. *See Bldg. and Realty Inst. of Westchester and Putnam Cntys., Inc.*, 2020 WL 5658703, at *5. Kossoff contends, and the Trustee has not meaningfully disputed, that Kossoff is a party in other adversary proceedings presenting the same issue, in which his liability or lack thereof likely will be affected by resolution of whether

12

the IRS is a valid "triggering creditor" so as to make earlier transactions subject to avoidance in this and other actions. Further, Kossoff contends and the Trustee does not dispute that Kossoff may face claims against him in his personal capacity from defendants in adversary proceedings brought by the Trustee to the extent the Trustee recovers; the extent of any such liability would be reduced if the date range of avoidable transfers is limited as Kossoff contends it must be. Simply put, the controlling issue in this adversary proceeding is identical to that in the other adversary proceedings in which Kossoff is a defendant. Accordingly, Kossoff has shown that the outcome here likely will affect him in those other adversary proceedings.

Indeed, denying Kossoff's permissive intervention motion would pose a real risk to his interests. During the hearing, the Trustee represented that he has not objected to the IRS's filed proof of claim, and that the Trustee deems that proof of claim to be presumptively valid and allowed. The Trustee and the Estate stand to benefit from that position because the existence and validity of the IRS claim creates a legal basis for the Trustee to seek to avoid many transfers from periods that the Trustee otherwise could not reach. This reality, however, creates the possibility that the IRS claim will not be tested despite Kossoff's contention that Kossoff PLLC's 2015 IRS obligation has been paid or released. Thus, Kossoff's interest in shortening the time range that is permissibly subject to avoidance actions may well be impaired if his motion is denied.

The parties' main dispute on the present motion centers on the timeliness requirement in that intervention does not "unduly delay or prejudice the adjudication of the rights of the other parties." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018). Recognized factors for assessing timeliness include "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3)

13

prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d at 70.

The Trustee emphasizes that this case is over year old and expresses concern that progress toward a negotiated resolution of some remaining claims may be jeopardized by allowing Kossoff to intervene now. Kossoff responds that he has attempted to raise the IRS golden creditor issue throughout the case. Kossoff claims that he became aware of the IRS's Certificate of Release of Federal Tax Lien and its possible significance only at some unspecified time after his earlier efforts to be substituted as a defendant failed. Accordingly, Kossoff argues, he has not unreasonably delayed raising the IRS golden creditor issue.

The Court concludes in light of the history and procedural posture of this case that Kossoff's application is timely and not prejudicial to the adjudication of this case. Courts have broad discretion to assess timeliness, informed by the circumstances of each case. *See Pitney Bowes, Inc.*, 25 F.3d at 70 ("Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances. Timeliness defies precise definition, although it certainly is not confined strictly to chronology"). First, Kossoff is correct that he has attempted to become involved in the case from early on in the proceedings. And his current motion is a reasonably prompt follow-up to his earlier efforts. He filed the motion now before the Court [ECF No. 60] in early July, roughly three months after his prior bid for party status was thwarted when the Trustee unilaterally dismissed all claims against Defendant Burton Kossoff Testamentary Trust. Kossoff also represents that the document on which his intended dismissal motion turns – an IRS Certificate of Release of Federal Tax Lien for the tax period ended 12/31/15 as to Kossoff PLLC – was not available to him earlier in the proceedings, thus at least weakening claims that he unreasonably delayed making his current motion.

14

The circumstances of this case further support the conclusion that Kossoff's motion is not untimely. This adversary proceeding has not been in active formal discovery. The Court did not enter a scheduling order governing discovery and formal litigation until June 7, 2023 [ECF No. 58], just one month before Kossoff moved for permissive intervention. Previously, the Trustee devoted appropriate time and energy to informal discussions and pursuit of settlements with other Defendants; this is in no way blameworthy, and in fact represents admirable effort to resolve the case's issues consensually and economically. Nevertheless, the timing of Kossoff's intervention motion does not follow substantial formal progress in the case and need not disrupt the ongoing conduct of the litigation. An additional relevant circumstance is that Kossoff had only from March 17 to reformulate his approach after the Trustee voluntarily dismissed the Burton Kossoff Testamentary Trust as a defendant, weakening any contention that Kossoff inappropriately delayed filing his motion during the period before late March of this year.

The Court also concludes that the adjudication of this matter will not be prejudiced by allowing Kossoff to intervene for his stated narrow purpose of filing what he believes will be a legally dispositive motion. Formal discovery is scheduled to extend through the end of the year. Kossoff's proposed dispositive motion can be briefed and adjudicated simultaneously with discovery. Defendants who have not yet settled can make what they will of Kossoff's contentions, and can pursue settlement at any time they wish, as can the Trustee. The conclusion that allowing Kossoff to file a potentially dispositive motion would not prejudice other parties is reinforced by the fact that no Defendant objected to Kossoff's motion, while several defendants in this and similar actions stated their lack of objection and their interest in the outcome of the issue Kossoff has raised. As more than one defense attorney observed, defendants in many of the Trustee's adversary proceedings stand to benefit if Kossoff sheds light on or achieves a favorable ruling on

15

whether the IRS is a valid triggering creditor. [*See* ECF No. 89, September 26, 2023 Hearing Transcript, 60:19-25; 61:1–2 (MR. LEVINE: "Also, I will say I listened with great interest to the motion to intervene and have been following that. And I am concerned of any collateral estoppel effect. I was not aware of that issue until Mr. Kossoff brought it to the Court's attention, and I kind of stumbled upon it, that if he's right, from what I've read in his papers, it seems like he has at least a credible argument on it. I mean, that substantially slices our potential liability here. So that that's a very meaningful issue for us")].

In allowing Kossoff to intervene for the limited purpose of filing his intended motion, the Court emphasizes that broader case participation by Kossoff – for example, in independently seeking or participating in discovery despite the fact that he is not a defendant – may be too complex, too time consuming, and too disruptive, and thus may well be prejudicial to the case's efficient resolution. But all of that is for another day, if ever. Kossoff has emphasized that the purpose of his current motion is solely to seek permissive intervention for the narrow purpose of seeking what he believes will be a dispositive ruling on a purely legal question. [ECF No. 89, September 26, 2023 Hearing Transcript, 21:16-17 ("I note that my intervention relief is extremely narrow. It's limited to the motion")].

The Court also agrees with Kossoff's contention that his being allowed to litigate this issue now, in this adversary proceeding, may serve the interests of judicial economy and facilitate resolution of the Trustee's many pending avoidance actions. *Cf. Grewal*, 2014 WL 2095166, at *3 (weighing "whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."). Development of the issues and a possible ruling by the Court will help all parties to these actions evaluate the strength or weakness of their respective positions,

16

and may promote the earlier, less expensive resolution of numerous cases. Kossoff plausibly contends he has unique personal knowledge and is prepared to present arguments sooner and possibly better than other parties might be able to. And proceeding in this manner may avoid the need for parties to draft and the Court to consider multiple motions in multiple adversary proceedings, all seeking resolution of the same issue.

The Court acknowledges the Trustee's strongly stated view that Kossoff's position is incorrect on the merits, and the Trustee's desire to adduce additional evidence to support that position. The Trustee may ultimately prevail on Kossoff's assertedly dispositive motion. Moreover, the Court is not rejecting the possibility that the Trustee may seek leave to amend his Complaint if necessary to address what Kossoff contends is a deficiency in the now-operative Complaint's allegations. The Court has not pre-judged these issues. The Court simply concludes that, in the present circumstances, Kossoff has established that he meets the criteria for permissive intervention. The Court therefore concludes, in its discretion, that it should allow Kossoff permissive intervention for the limited purpose of filing his intended motion.

Translating this ruling to specific directives, the Court denies without prejudice the part of Kossoff's motion that sought immediate dismissal of the Complaint's counts 1-6. Kossoff has not established entitlement to that relief, nor has the Trustee been afforded a full opportunity to brief the issues or to present additional information that the Trustee says will disprove Kossoff's contentions.

The Court, instead, authorizes and directs Kossoff to file his intended motion to dismiss separately, under whatever rules or other law he considers appropriate; it seems to the Court such a motion could be presented as a motion for (possibly partial) judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), but that is merely a suggestion. The Court is scheduled to conduct a status

17

conference in various Kossoff PLLC matters on October 25, 2023, and it is prepared to discuss next steps and enter an appropriate scheduling order then if necessary. However, if Kossoff files a motion before then, the parties may proceed either under the standard motion schedule established by the Bankruptcy Rules and this Court's Local Rules, or according to some other briefing schedule that one or both parties propose and the Court approves. The Court emphasizes that its prejudice analysis assumes that the issues Kossoff raises will be promptly briefed and resolved; no prolonged briefing period or other delay will be allowed, and this Decision is predicated in part on the narrow role Kossoff has said he seeks to play in this adversary proceeding.

## CONCLUSION

For the reasons stated above, Kossoff's motion for permissive intervention is granted to the limited extent stated above. Unless (a) Kossoff files his motion before October 25 and (b) no party wishes to discuss procedural issues with the Court, the Court will conduct a conference on October 25 via Zoom for Government, and will impose an appropriate scheduling order if necessary. If Kossoff has not filed his motion by October 25, he must be prepared to do so no later than November 8, 2023.

It is SO ORDERED.

Dated: New York, New York
      October 17, 2023

                                               *s/ David S. Jones*
                                      HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE